IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE L. WORTHAM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2079-P |
| | § | |
| CHRIS HANSEN LAB, INC. | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by George L. Wortham, a resident of Rockwall, Texas, against his former employer, Chris Hansen Lab, Inc., a company based in Milwaukee, Wisconsin. On October 13, 2010, plaintiff tendered a one-page complaint with attachments to the district clerk, and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

## II.

As best the court can decipher his complaint, plaintiff appears to seek redress in connection with his termination by defendant in 1982. The entire complaint reads:

> 1.     On approximately on February 12, 1982 Plaintiff Pedestrian was discharge Main Street at Street in the City of Wisconsin west allis County of Milwaukee, Defendant by Charles Hansen's Lab INC objects, negligently failing to stop for Plaintiff, and thereby rejected plaintiff deemed discharge by Charles Hansen's Lab INC.

> 2.     As a result of Defendant's negligent objects Plaintiff's was preject causing substantial pain and suffering, rejected expenses, and lost income to the retirement plan. D.

> WHEREFORE, Plaintiff prays for judgment against Defendant in the sum of $100,000 plus costs and interest, each damages.

(Plf. Compl. at 1). Attached to the complaint are six pages of unconnected words and phrases such as "Violation federal supported codes," "Breachesments practice federal rule--promise to bargain trust insurance contracts denied rejection," "Illegal Interruption practice federal rule code," "Illegal harshments denied practice and rejected federal rule code," and "Denied to entitlement rights denied and rejected by the defendant federal rules code." (*See id.* at 2-4).

## III.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably

meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, his complaint is a "hodgepodge of incoherent ramblings" that have no discernable basis in fact or law. *See Malveaux v. Brice, Linden, Vander & Wernick, P.C.*, No. 3-10-CV-0128-L, op. at 2 (N.D. Tex. Jun. 29, 2010). Dismissal is clearly warranted under these circumstances. *See Perales v. Hedrick*, No. 3-01-CV-2634-L, 2002 WL 172592 at *2 (N.D. Tex. Jan. 31, 2002), *appeal dism'd*, No. 02-10218 (5th Cir. May 17, 2002) (summarily dismissing *pro se* complaint that failed to present a logical set of facts to support any claim for relief).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[1] In any case, it appears that this action is barred by res judicata, since plaintiff has already twice sued defendant for wrongful termination. *See Wortham v. Chr. Hansen Lab, Inc.*, 48 F.3d 1222 (Table), 1995 WL 94918 at *1 (7th Cir. Mar. 6, 1995). Alternatively, plaintiff's claims arising out of his 1982 termination are clearly barred by limitations.

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  October 19, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE